**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CELSO GARCIA-ALVARADO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, ADELANTO<br>DETENTION FACILITY, *et al*.,<br><br>Respondents. | Case No. 5:26-cv-01935-DMK<br><br>**MEMORANDUM AND ORDER GRANTING PETITION AND ORDERING IMMEDIATE RELEASE** |

On April 1, 2026, Petitioner Celso Garcia-Alvarado, an immigration detainee, filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"), challenging his detention at the Adelanto Detention Facility.  ECF 1. On April 27, 2026, Respondents Markwayne Mullin, Secretary of U.S. Department of Homeland Security, Todd Blanche, in his official capacity as Acting Attorney General of the United States, Todd Lyons, Acting Director of U.S. Immigration and Customs Enforcement, Ernesto Santacruz, Field Office Director, U.S. Immigration and Customs Enforcement, and the Warden of the Adelanto Detention Facility, filed an Answer to the Petition.  ECF 7.  Petitioner filed a Reply on April 28, 2026.  For

the reasons set forth below, the Court GRANTS the Petition and orders immediate release.

## I. FACTUAL BACKGROUND

The Petition alleges the following facts, which Respondents have not disputed. Petitioner is a citizen of Guatemala who entered the United States in or around December 2014, near Eagle Pass, Texas. ECF 1, ¶ 30. Upon entry, Petitioner was detained, convicted of illegal entry under 8 U.S.C. § 1325(a)(1), and then released after serving a sentence of eight days' imprisonment. *Id.*, Ex. B. On January 8, 2015, Petitioner submitted to an interview with United States Citizenship and Immigration Services, whereupon it was determined that he had established a reasonable fear of persecution or torture upon returning to Guatemala. *Id.* at Ex. B. An immigration judge then terminated the immigration proceedings against Petitioner on May 13, 2022. *Id.*

On or about November 4, 2025, Petitioner was arrested in Los Angeles, California, as part of a larger Los Angeles-area operation. *Id.* at 32. Prior to his arrest, Petitioner was not presented with any document setting forth the basis for his detention, and he did not receive a pre-deprivation interview where he could confront the facts justifying his detention. *Id.* at ¶ 47. Petitioner has since been transferred to the Adelanto Detention Center, where he remains. *Id.* at ¶ 12. On November 5, 2025, the Department of Homeland Security re-opened removal proceedings against Petitioner, without any apparent explanation. *Id.* at Ex. A.

## II. PETITIONER'S CLAIMS

Petitioner alleges three claims in his Petition: (1) violation of his substantive due process rights under the Fifth Amendment; (2) violation of his procedural due process rights under the Fifth Amendment; and (3) violation of the Administrative Procedure Act at 5 U.S.C. §§ 702, 706. ECF 1. Based on these claims, Petitioner seeks immediate release from custody or, in the alternative, a bond hearing at which the Government has to bear the burden of proof by clear and convincing evidence to

show that Petitioner is a danger or a flight risk.  ECF 1 at 16-17 (Prayer).  Petitioner also asks that Respondents be enjoined from re-detaining him unless his detention is ordered at a custody hearing before a neutral arbiter, in which the government bears the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community.  *Id.*

On April 27, 2026, Respondents filed a one-page Answer stating that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-1873, — F. Supp. 3d —, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), reconsideration granted in part, — F. Supp. 3d —, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), amended and superseded on reconsideration, — F. Supp. 3d —, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), final judgment entered, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  *See* Answer at 2.  Respondents did not, however, address the merits of the due process or APA claims raised by Petitioner, and only assert that "at most" Petitioner is entitled to a bond hearing, rather than release.  *Id.*

On April 28, 2026, Petitioner filed a Reply, asserting that Petitioner is not a member of the *Maldonado Bautista* class, and that immediate release remains the appropriate remedy.  ECF 9.

### III.   LEGAL STANDARD

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law.  *See* U.S. Const., amend. V.  There is no question that these protections extend to noncitizens present in the United States.  *See, e.g., Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (*per curiam*) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." (internal quotation marks omitted)); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021) ("The Fifth

Amendment entitles aliens to due process of law in deportation proceedings." (internal quotation marks and brackets omitted)). Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process . . . ." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).

To determine whether detention violates procedural due process, this Court applies the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the *Mathews* test to a constitutional challenge to detention pursuant to 8 U.S.C. § 1226(a)). Under *Mathews*, courts weigh the following three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335; *see also id.* at 332 ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.").

## IV. ANALYSIS

### A. The *Mathews* Factors Weigh in Favor of Granting the Petition

Here, based on the undisputed allegations set forth in the Petition, and absent any meaningful opposition from Respondents, the Court finds that the instant Petition should be granted, pursuant to the *Mathews* test, and that the proper remedy is immediate release.[1]

---

[1] Given that the Court is granting habeas relief on Petitioner's procedural due process claim, the Court finds it unnecessary to engage in an analysis of Petitioner's remaining claims.

First, with respect to the private interest that will be affected, the Ninth Circuit has expressly recognized that "[t]he Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1205-06 (9th Cir. 2022) (*quoting Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021)). Thus, "even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody [he or] she has a protected liberty interest in remaining out of custody." *See, e.g., Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (collecting cases); *Meneses v. Santacruz*, 811 F. Supp. 3d 1158, 1162 (C.D. Cal. 2025). "That principle extends to those like Petitioner who have never been in immigration custody in the first place due to years of deliberate acquiescence by Respondents." *Abdeltawab v. Armant*, 2026 U.S. Dist. LEXIS 87515 at *5 (C.D. Cal. April 13, 2026) (collecting cases and granting immediate release to noncitizen who was arrested and detained two years after removal proceedings were administratively closed).

Here, Petitioner has no criminal history outside of his 2014 conviction for violation of 8 U.S.C. § 1325(a)(1), which was based on his initial entry into the United States. ECF 1 at ¶ 12. He has resided in the United States for over 11 years, been gainfully employed, and previously appeared at all of his hearings. *Id.* at ¶ 31. As such, the Court finds that Petitioner has a vested liberty interest in remaining free from detention.

With respect to the second *Mathews* factor, Respondents do not dispute that Petitioner was detained without notice or a pre-deprivation hearing. But the "primary" purpose of immigration detention is to ensure a noncitizen's presence at removal proceedings or for removal, with a "secondary" purpose of preventing danger to the community. *Zadvydas v. Davis*, 533 U.S. 678, 697 (2001).

In this case, Petitioner has not been afforded any process to determine whether his detention, in fact, advances either purpose. To the contrary, the Petition

suggests that Petitioner is not a flight risk or danger, insofar as he has spent the last 11 years living in the United States, has not committed any crimes in that time, and has instead been gainfully employed. As such, the Court concludes on the record before it that there is a high risk that the lack of pre-deprivation process afforded to Petitioner in this instance has resulted in Petitioner's unnecessary detention.

As to the third *Mathews* factor, there is no meaningful countervailing government interest that supports detaining Petitioner, given his lack of criminal history in the last 11 years, and Respondents' failure to show—or even allege—that Petitioner is either a flight risk or a danger. Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]" *Sun v. Santacruz*, No. 5:25-cv-02198-JLS-JC, 2025 U.S. Dist. LEXIS 165913 at *18 (C.D. Cal. Aug. 26, 2025) (*quoting Doe v. Becerra*, 787 F.Supp.3d 1083, 1094) (E.D. Cal. March 3, 2025)). Thus, this factor also militates in favor of finding that Petitioner's continued detention violates his right to procedural due process.

In sum, Petitioner has a strong interest in remaining free from confinement, there is a significant risk that the government's lack of constitutionally adequate procedures has resulted in his unnecessary detention, and the government has no meaningful interest in detaining Petitioner without a pre-detention hearing. The Court therefore concludes that Petitioner's arrest on November 4, 2025, and subsequent detention to date, without notice or a pre-deprivation hearing, violates his procedural due process rights.

### B. Petitioner's Immediate Release is Warranted

Given that Petitioner's procedural due process rights were violated, the Court concludes that "Petitioner's release is necessary to return [Petitioner] to the status quo." *Nazarian v. Noem*, 2025 U.S. Dist. LEXIS 229051 at *7 (C.D. Cal. Nov. 3, 2025). The status quo is "the last uncontested status which preceded the pending controversy." *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir.

6

2000) (internal quotation marks omitted).  Indeed, "[d]elaying Petitioner's release awaiting a hearing that [he] should have received before [he] was detained [in November] would be unjust." *Martinez Cruz v. Lyons*, 2025 U.S. Dist. LEXIS 271568 at *5 (C.D. Cal. Nov. 6, 2025).  Thus, Petitioner is entitled to immediate release, rather than a bond hearing before an Immigration Judge.

The Court also concludes that due process requires notice and a pre-deprivation hearing before Petitioner may be re-detained.  *See, e.g., Perez v. McAleenan*, 435 F. Supp. 3d 1055, 1062 (N.D. Cal. 2020), appeal dismissed sub nom. *Perez v. McAleenan*, 2020 U.S. App. LEXIS 37952 (9th Cir. Dec. 4, 2020) ("Accordingly, this court will join the consensus view among District Courts concluding that . . . where . . . the government seeks to detain an alien pending removal proceedings, it bears the burden of proving that such detention is justified." (internal quotation marks omitted)).  Specifically, the Court concludes that Respondents must show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community, and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community.  *See, e.g., Mourey v. Bowen*, 2026 U.S. Dist. LEXIS 34438 at *6 ("If the Government seeks to re-detain Petitioner, he must be provided some kind of hearing before the state deprives him of his liberty. Further, such hearing must be before a neutral arbiter in which the Government bears the burden of providing by clear and convincing evidence that Petitioner is a flight risk or danger to the community." (internal quotation marks, brackets, and citation omitted)); *Carballo v. Andrews*, 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025) ("On balance, the *Mathews* factors show that petitioner is entitled to a bond hearing where the government must prove by clear and convincing evidence that he is presently a flight risk or danger to the community.").

## V.   ORDER

Based on the foregoing, the Court GRANTS the Petition as follows:

7

(1) Respondents must release Petitioner from custody immediately;

(2) Respondents must return any property and paperwork seized from Petitioner in the course of his arrest and detention;

(3) Respondents shall not re-detain Petitioner without providing at least seven (7) days' notice and a pre-deprivation hearing before an Immigration Judge, at which the government bears the burden of proving by clear and convincing evidence that she is a danger to the community or a flight risk, and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community; and

(4) Respondents shall file a notice of compliance no later than **May 29, 2026,** regarding their compliance with this Order.

DATED:  May 20, 2026

_____
HON. DIANA M. KWOK
UNITED STATES MAGISTRATE JUDGE

8